12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jerry W. NEWMAN and J & A Trucking Company, Incorporated,
Plaintiffs-Appellants,
v.
M & S TRUCKING COMPANY, a Partnership, Carl Malone, and Jake
Smith, Defendants-Appellees.
 No. 93-1738.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 3, 1993.
Decided Dec. 30, 1993.
 
 Before LAY,* RIPPLE and MANION, Circuit Judges.
 
 ORDER
 
 1
 This diversity case[1] arose from a collision between two trucks that occurred in Illinois on April 12, 1989. The plaintiffs allege that Jerry W. Newman was injured and that J & A Trucking's property was damaged when the tractor-trailer that Newman was driving struck a tractor-trailer owned by Thomas Farms, Inc. ("Thomas Farms"). The truck Newman was driving was owned by J & A Trucking. The Thomas Farms tractor-trailer displayed on its fuel tank the Interstate Commerce Commission ("ICC") permit number that belonged to M & S Trucking Co., a partnership ("M & S Trucking").
 
 
 2
 In 1988, Gregory Thomas bought an over-the-road tractor and became involved in the trucking business, calling the venture "Thomas Farms." He hauled under another carrier's ICC permit and entered into leases with that carrier. Thomas subsequently agreed to also haul some loads for Billy McKenzie. McKenzie had at one time leased equipment to M & S Trucking, but this lease expired in the latter part of 1988. In his deposition, McKenzie testified that he never held himself out as being a partner or having any interest in M & S Trucking once he obtained his own ICC permit in approximately January of 1989. In March of 1989, Thomas claims that he signed, through McKenzie, "something like a lease agreement" with M & S Trucking. Thomas testified that he signed the "lease" but McKenzie did not, and that Thomas's vehicle was not listed on that agreement. Thomas said he could not produce the agreement because his copy was in the truck when it collided with the plaintiffs' truck and was destroyed in the fire that ensued. All of Thomas's dealings regarding hauling loads were with McKenzie, not Malone or Smith.
 
 
 3
 Thomas stated that McKenzie wrote down M & S Trucking's ICC permit number and gave it to him. Thomas bought "stick on" letters and numbers and put M & S Trucking's name and ICC permit number on the fuel tanks of his tractor. Malone testified that he never authorized Thomas to carry a load under M & S Trucking's ICC authority. Malone recalled that Thomas had approached him about leasing Thomas's equipment to M & S Trucking, but that no agreement was reached. Not until after the accident did Malone learn that M & S Trucking's name and permit number were displayed on Thomas's tractor-trailer.
 
 
 4
 The defendants moved for summary judgment, arguing that Webb and Thomas Farms had placed M & S Trucking's permit number on the fuel tank of the tractor without permission or authorization from Malone, Smith, or M & S Trucking. The district court[2] concluded that, at most, the evidence showed that Thomas talked with Malone and Smith about leasing his equipment to M & S Trucking but that no agreement was reached. The court found that the plaintiffs were unable to show that the Thomas Farms tractor-trailer was operating under the authority of M & S Trucking's ICC permit or certificate or that a lease had been executed in accordance with ICC regulations. The district court granted summary judgment in favor of the defendants[3], from which the plaintiffs appeal. We affirm.
 
 Discussion
 
 5
 Plaintiffs claim that M & S Trucking, an authorized carrier licensed by the ICC, had entered into a lease with Thomas and this lease was in effect at the time of the accident. Under such circumstances, M & S Trucking could be held vicariously liable for the plaintiffs' injuries. See 49 U.S.C. Sec. 11107 (1988); 49 C.F.R. Sec. 1057.11-.12 (1992); see generally Travelers Ins. Co. v. Transport Ins. Co., 787 F.2d 1133, 1139 (7th Cir.1986) (noting that ICC certified carrier/lessee is "ultimately responsible for a trip taking place under its operating permit and in furtherance of its interstate trucking business"). The plaintiffs have not, however, alleged any facts that, if proven, would establish that the defendants entered into a lease with Thomas Farms or Gregory Thomas or that any of the defendants authorized Thomas to operate under M & S Trucking's ICC authority.[4] Thus, we find the district court properly granted summary judgment in favor of the defendants.
 
 
 6
 Based on the foregoing, we affirm the judgment of the district court.
 
 
 
 *
 The Honorable Donald P. Lay, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [1]
 The complaint alleges that Newman is a resident and citizen of Alabama and that J & A Trucking Company, Incorporated, is an Alabama corporation with its principal place of business in Alabama, and that the defendants are residents or citizens of Mississippi with principal place of business in Mississippi. In their answer, the defendants admit that the action is between citizens of different states
 
 
 [2]
 The Honorable James L. Foreman, Senior United States District Judge for the Southern District of Illinois
 
 
 [3]
 The summary judgment was granted in favor of Carl Malone, Jake Smith, and M & S Trucking, a partnership. The plaintiffs initially brought suit against Thomas Farms; Patrick Webb, the driver of Thomas Farms' tractor-trailer; Vance Drummon, the mechanic/relief driver riding with Webb; McKenzie Trucking, Inc.; M & S Trucking Co., Inc.; M & S Trucking Co., a partnership; Carl Malone; and Jake Smith. At the time of the accident, Malone and Smith were doing business as M & S Trucking Co., a partnership. The district court entered default judgments against Thomas Farms, Patrick Webb, and Vance Drummon. McKenzie Trucking, Inc., and M & S Trucking Co., Inc., were dismissed
 
 
 [4]
 In support of their position that the defendants should be held vicariously liable for the alleged negligence of Thomas Farms, the plaintiffs cite Schedler v. Rowley Interstate Transportation Co., 368 N.E.2d 1287 (Ill.1977), Kreider Truck Service, Inc. v. Augustine, 394 N.E.2d 1179 (Ill.1979), and Rodriguez v. Ager, 705 F.2d 1229 (10th Cir.1983). The plaintiffs' reliance on these cases is misplaced. In all three of these cases, an authorized motor carrier entered into a valid lease to use equipment it did not own. In Schedler, the lease was in effect at the time an accident occurred and the issue before the court was whether the carrier/lessee's liability should be determined by common law principles of respondeat superior or if liability should be vicariously imposed regardless of how the vehicle was being used at the time of the accident. Schedler, 368 N.E.2d at 1289. Similarly, a lease was in effect in Kreider at the time an accident occurred, and the court was addressing whether a carrier/lessee is liable when the owner/lessor uses the equipment for its own purposes but does not conceal the carrier/lessee's name and ICC permit number. Kreider, 394 N.E.2d at 1182; see also Rodriguez, 705 F.2d at 1231-32, 1236 (holding that carrier/lessee was liable for accident even though driver was not on a mission for the carrier/lessee, where valid lease was in effect and carrier/lessee's ICC authority was on the truck). None of these cases involves an attempt to impose liability on a carrier in the absence of a lease, and thus none is instructive on the issue before this court